**E-Filed 6/24/2009**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CARLOS M. HERNANDEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                    Defendant. | Case Number C-05-04639 JF<br><br>ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER  42 U.S.C. § 406(b)<br><br>[Docket No. 24] |

Plaintiff Carlos Hernandez ("Hernandez") filed an application for Social Security disability insurance benefits on November 19, 2003.  After his application was denied, he filed a complaint in this court seeking review of the denial of benefits and his case was remanded for further proceedings.  On remand, the Administrative Law Judge found that Hernandez was disabled.  As a result of this decision, Hernandez received a gross total of $50,077.52 in retroactive benefits, of which $12,519.38 was withheld for potential attorneys' fees.

On April 26, 2007, the Court approved a stipulated award of $6,000 in attorneys' fees under the Equal Access to Justice Act ("EAJA").

Under the terms of the contract between Hernandez and his attorney, Harvey P. Sackett, Mr. Sackett is to be paid "a fee no greater than 25% of the past-due benefits" for a favorable

1    decision later than the initial hearing.  (Motion Exhibit C).  Mr. Sackett has requested $12,519.39

2    (25% of past-due benefits) in attorneys' fees under 42 U.S.C. § 406(b), of which $6,000 will be

3    reimbursed to Hernandez to offset the EAJA award.

4                                    **LEGAL STANDARD**

5          Section 206(b) of the Social Security Act provides that "whenever a court renders a

6    judgment favorable to a claimant . . . who was represented before the court by an attorney, the

7    court may determine and allow as part of its judgment a reasonable fee for such representation,

8    not in excess of 25 percent of the total of the past-due benefits."  42 U.S.C. § 406(b)(1)(A).

9          This fee is paid from funds withheld by the Social Security Administration from the past-

10   due benefits payment.  Attorney-client agreements are the primary methods of determining fees.

11   *Gisbrecht v Barnhart*, 535 U.S. 789, 792-793 (2002).  Before ordering payment, the district court

12   must review the fee agreements to ensure that they will "yield reasonable results in particular

13   cases."  *Id*. at 807.  The attorney "must show that the fee sought is reasonable for the services

14   rendered."  *Id*.  Reduction may be warranted where the attorney is responsible for delay or the fee

15   is large relative to the amount of time spent on the case. *Id*.  The award of fees must be offset by

16   any previous award of EAJA attorneys' fees. 28 U.S.C § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at

17   796.

18                                    **DISCUSSION**

19          The Court concludes that the requested fee of $12,519.39 is reasonable for the services

20   rendered in this case.  There is no evidence of delay by Mr. Sackett and the amount is appropriate

21   in light of the time involved: 40.15 hours were spent on the case (Motion Exhibit D), resulting in

22   an hourly fee equivalent of $311.81, which the Court finds appropriate in light of Sackett's

23   expertise and the risk involved in representing clients on a contingency.  Accordingly, the motion

24   will be granted.

25          The Court notes that the actual fee agreement specifies only that the fee will be "no

26   greater than 25%," rather than setting the fee at that level.  It is not clear from the record whether

27   Hernandez has agreed to a fee of the maximum amount of 25%.  Accordingly, the instant ruling

28   is without prejudice to a motion for reconsideration by Hernandez if he in fact objects to the fee.

                                              2

1

**ORDER**

2        For the reasons set forth above, the motion is granted. Plaintiff's counsel shall collect

3  $12,519.38 in attorneys' fees and shall reimburse Plaintiff in the sum of $6,000.

4        IT IS SO ORDERED.

5

6  DATED: June 23, 2009

7                            _____

8                         JEREMY FOGEL
                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-05-04639 JF
ORDER GRANTING MOTION  FOR ATTORNEYS' FEES UNDER  42 U.S.C. § 406(b)
(JFEx1)

1    Copies of this Order have been served upon the following persons:

2    Harvey Peter Sackett     hps@hpspc.com, juanita@sackettlaw.com, julie@sackettlaw.com,
     lucyc@sackettlaw.com
3

4    Jean Marie Turk     jean.turk@ssa.gov

5
     Sara Winslow       sara.winslow@usdoj.gov, kathy.terry@usdoj.gov
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-05-04639 JF
ORDER GRANTING MOTION  FOR ATTORNEYS' FEES UNDER  42 U.S.C. § 406(b)
(JFEx1)